IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| GAGE WEATHERFORD,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY, DAIKIN AMERICA, INC., DUPONT DE NEMOURS, INC, E.I. DUPONT DE NEMOURS & COMPANY, MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION, THE CHEMOURS COMPANY, and THE CHEMOURS COMPANY, FC, LLC,<br><br>Defendants. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant 3M Company, by and through undersigned counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Court of Common Pleas for Darlington County, South Carolina, to the United States District Court for the District of South Carolina, Florence Division. As grounds for removal, 3M Company states as follows:

### BACKGROUND

1. This action was filed on August 9, 2024, in the Court of Common Pleas for Darlington County, South Carolina, bearing case number 2024CP1600785. (Ex. A, Summons and Complaint).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 121 and 1441(a) because the Court of Common Pleas for Darlington County, South Carolina, is located within United States District Court for the District of South Carolina, Florence Division.

1

3.      3M Company has not been served with the Complaint. Removal is timely under 28 U.S.C. § 1446(b).

4.      On information and belief, as of this date, the remaining Defendants have not been served with process and a copy of the Complaint. Thus, their consent to removal is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that all defendants "who have been properly joined *and served* must join in or consent to the removal of the action" when removal is based solely on 28 U.S.C. § 1441 (emphasis added)); *see also Palmetto Automatic Sprinkler Co., Inc. v. Smith Cooper Int'l, Inc.*, 995 F. Supp. 2d 492, 495 (D.S.C. 2014) ("A defendant need not join in or consent to removal if . . . it ha[s] not been served with process at the time the removal petition was filed . . . .") (quotation marks omitted).

5.      Plaintiff Gage Weatherford ("Plaintiff") alleges that Defendants manufactured, supplied, or distributed per- and polyfluoroalkyl substances ("PFAS") or products that contain PFAS. (*See*, *e.g.*, Compl. ¶¶ 2, 5, 6; *see also id.* ¶¶ 9-16.) More specifically, Plaintiff alleges that he has experienced "pain and suffering" and "personal injury . . . as a result of contamination by . . . PFAS" that was "released into the soil and water" via "textile operations at the Galey & Lord Plant, the adjacent Cedar Creek and the Great Pee Dee River." (*Id.* ¶¶ 1, 5, 7; *see also id.* ¶ 52 ("[T]he PFA[S] . . . in South Carolina, particularly in the counties surrounding the [Galey & Lord] facility, leach[ed] into the groundwater, causing a degradation of Plaintiff's health.")). The Complaint further alleges that "Plaintiff have (sic) been subject to significantly increased PFAS exposure" because he "drank, cook with, bathed in, and used [water] dangerously contaminated" with PFAS," and that "[a]s a result of chemical exposures . . . Plaintiff has had significant health impcats, pain and suffering, and invasive medical treatment" and "will likely to continue to" experience such harm. (*Id.* ¶¶ 92, 94-95.)

6. Plaintiff asserts claims for negligence (*id.* ¶¶ 176-91), strict liability for ultrahazardous activity (*id.* ¶¶ 192-99), product liability for defective design (*id.* ¶¶ 200-15), product liability for failure to warn (*id.* ¶¶ 216-28), and concealment, misrepresentation, and fraud (*id.* ¶¶ 229-35).

7. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon the other parties and a copy is being filed with the Clerk of the Court of Common Pleas for Darlington County, South Carolina.

8. By filing a Notice of Removal in this matter, 3M Company does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M Company specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

9. 3M Company reserves the right to amend or supplement this Notice of Removal.

**REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION**

13. Removal here is proper under 28 U.S.C. § 1332, which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) complete diversity exists between the plaintiff and defendants. *See, e.g.*, *Wideman v. Innovative Fibers LLC*, 100 F.4th 490, 495 (4th Cir. 2024). There is complete diversity here under 28 U.S.C. § 1332(a)(1) because Plaintiff is a citizen of South Carolina and all Defendants are citizens of states other than South Carolina.

14. For diversity purposes, a corporation is a citizen of "every State or foreign state by which it has been incorporated" as well as "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see, e.g.*, *Navy Fed. Credit Union v. LTD Fin. Servs., LP*, 972 F.3d 344, 350 (4th Cir. 2020). With respect to an unincorporated business entity such as an

LLC, such an entity's "citizen is that of its members." *Gen. Tech. Applications, Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). An LLC's or partnership's own state of organization and principal place of business thus are irrelevant for determining its citizenship.

      **I.**      **There is Complete Diversity of Citizenship Between the Parties.**

      15.      The Complaint alleges that "Plaintiff Gage Weatherford is a citizen of the State of South Carolina, residing at 641 Journeys End, Darlington, South Carolina 29540." Compl. ¶ 8. On information and belief, Plaintiff is a citizen of South Carolina.

      16.      Upon information and belief, none of the named Defendants is a citizen of South Carolina.

      17.      The Complaint alleges that E. I. du Pont de Nemours & Co. is a Delaware corporation that has its principal place of business in Delaware. (*Id.* ¶ 9.) Accordingly, on information and belief, E. I. du Pont de Nemours & Co. is a citizen of Delaware.

      18.      Complaint alleges that DuPont de Nemours, Inc. is a Delaware corporation that has its principal place of business in Delaware. (*Id.* ¶ 11.) Accordingly, on information and belief, DuPont de Nemours, Inc. is a citizen of Delaware.

      19.      The Complaint alleges that 3M Company is a Delaware corporation with its principal place of business in Minnesota. (*Id.* ¶ 12.) 3M Company is a citizen of Delaware and Minnesota.

      20.      The Complaint alleges that The Chemours Company is a Delaware corporation that has its principal place of business in Delaware. (*Id.* ¶ 13.) Accordingly, on information and belief, The Chemours Company is a citizen of Delaware.

21. The Complaint alleges that The Chemours Company FC, LLC is a Delaware corporation that has its principal place of business in Delaware. (*Id.* ¶ 14.) On information and belief, The Chemours Company FC LLC is a limited liability company whose sole member is The Chemours Company, which (as discussed above in ¶ 20) is incorporated and has its principal place of business in Delaware. Accordingly, The Chemours Company is a citizen of Delaware and the Chemours Company FC, LLC is likewise a citizen of Delaware.

22. The Complaint alleges that Daikin America, Inc. is a Delaware corporation that has its principal place of business in New York. (*Id.* ¶ 15.) Accordingly, on information and belief, Daikin America, Inc. is a citizen of Delaware and New York.

23. The Complaint alleges that Mitsubishi International PolymerTrade Corporation is a New Jersey corporation that has its principal place of business of New Jersey (*Id.* ¶ 16.) Accordingly, on information and belief, Mitsubishi International PolymerTrade Corporation is a citizen of New Jersey.

24. Because Plaintiff is a citizen of the State of South Carolina and all of the named Defendants are citizens of states other than South Carolina, there is complete diversity.

**II.     The Amount in Controversy Requirement is Satisfied.**

25. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied in this action. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy").

26. Calculation of the amount in controversy must include all damages, including punitive damages. *Am. Health & Life Ins. Co. v. Heyward*, 272 F. Supp. 2d 578, 581 (D.S.C. 2003). While 3M denies that Plaintiff is entitled to any monetary or other relief, it is plain that the amount in controversy here exceeds the jurisdictional minimum.

27. Although Plaintiff does not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought exceed $75,000, exclusive of interest and costs. *Metts v. NewRez*, 2023 WL 4601365, at *1 (D.S.C. July 18, 2023) ("When plaintiff has alleged an indeterminate amount of damages, courts may consider plaintiff's claims, as alleged in the complaint, and . . . claims for punitive and consequential damages as well as attorney fees and costs."). Plaintiff alleges that as a result of his exposure to the Defendants' products, he sustained "continuing sickness" as well as "pain and suffering, and invasive medical treatment" and "will likely to have significant health impacts, pain and suffering, and invasive medical treatment for the remainder of his life." (*See, e.g.*, Compl. ¶¶ 93-95, 189, 199; *id.* at p. 48 (Prayer for Relief)). Plaintiff further alleges that he "will continue to suffer harm including . . . loss of income, and great financial loss." (*Id.* ¶¶ 189, 199; *id.* at p. 48 (Prayer for Relief)). Among other things, Plaintiff seeks "compensation for ongoing illness" and "future medical costs." (*Id.* at p. 48 (Prayer for Relief)).

28. In addition, Plaintiff alleges that he is entitled to an award of punitive damages. (*Id.* ¶¶ 1, 190-91, 214-15; *id* at p. 48 (Prayer for Relief)).

29. "The absence of a specifically pled dollar amount does not necessarily mean the amount in controversy is indeterminate from the face of the complaint." *Zuber v. Goodyear Tire & Rubber Co.*, 2019 WL 4439431, at *2 (D.S.C. Sept. 17, 2019). When a plaintiff alleges "serious injury" and "pain and suffering . . . in addition to punitive damages, it is reasonable to conclude

6

the amount requested was over the jurisdictional threshold." *Id.*; *see also Lamb v. Delgado*, 2023 WL 5539017, at *3 (W.D.N.C. Aug. 28, 2023) (holding the jurisdictional minimum was satisfied where plaintiff alleged injuries of a "serious and permanent nature," and collecting cases). Indeed, courts routinely hold that the amount in controversy exceeds $75,000 when a plaintiff alleges "serious" or "permanent" injuries, or significant medical expenses. *Zuber*, 2019 WL 4439431, at *2; *see also, e.g.*, *Fischer v. ISE Am., Inc.*, 2014 WL 5796839, at *4 (D. Md. Nov. 6, 2015); *Sloan v. Lesza*, 1998 WL 160868, at *1 (N.D. Ill. Apr. 2, 1998); *Carleton v. CRC Indus., Inc.*, 49 F.Supp.2d 961, 962 (S.D.Tex.1999).

30.  The foregoing allegations make plain that the amount in controversy here exceeds $75,000, exclusive of interest and costs, and thus that the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

31.  Because there is complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by 3M pursuant to 28 U.S.C. §§ 1332 and 1441.

\* \* \*

WHEREFORE, 3M hereby removes this action from the Court of Common Pleas for Darlington County, South Carolina, to this Court.

DATED: August 23, 2024

                                            <u>s/Brian C. Duffy</u>
Brian C. Duffy (Fed ID No. 9491)
DUFFY & YOUNG, LLC
96 Broad Street
Charleston, SC 29401
(843) 720-2044
(843) 720-2047
bduffy@duffyandyoung.com

*Liaison Counsel for Defendant 3M Company*

Daniel L. Ring, Esq.
Mayer Brown LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-8520
dring@mayerbrown.com

*Counsel for Defendant 3M Company*

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following. I also served copies of the foregoing Notice of Removal at the following address by First Class U.S. Mail:

Vincent A. Sheheen
Michael D. Wright
Austin M. Sheheen
SAVAGE, ROYALL & SHEHEEN, L.L.P.
P.O Drawer 10
Camden, SC 29021

A. Gibson Solomons, III
SPEIGHTS & SOLOMONS, LLC
Post Office Box 685
100 Oak Street
East Hampton, SC 29924

Frank F. Voler
Joseph J. Cappelli
MARC J. BERN & PARTNERS, LLP
101 West Elm Street, Suite 520
Conshohocken, PA 19428

And I hereby certify that I have mailed by United States Postal Service the document to the following:

E.I. DUPONT DE NEMOURS & COMPANY
1007 Market Street
Wilmington, DE 19899

DUPONT DE NEMOURS, INC.
974 Centre Road
Wilmington, DE 19805

THE CHEMOURS COMPANY
1007 Market Street
Wilmington, DE 19899

9

THE CHEMOURS COMPANY FC LLC
1007 Market Street
Wilmington, DE 19899

DAIKIN AMERICA
20 Olympic Drive
Orangeburg, NY 10962

MITSUBISHI INTERNATIONAL POLYMERTRADE CORPORATION
2 Penn Plaza E
Newark, NJ 07105

                                                                       /s/ Brian C. Duffy
                                                                       DUFFY & YOUNG, LLC